ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS (Cal. State Bar No.: 144524)
Assistant United States Attorney
Environmental Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4536
     Facsimile: (213) 534-4300
     E-mail:   joseph.johns@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>SIRIO PHARMA COMPANY,<br>LTD.,<br><br>                    Defendant. | CR No. 13-76(A)-DSF<br><br><u>RULE 11(c)(1)(C) SPECIFIED</u><br><u>SENTENCE PLEA AGREEMENT FOR</u><br><u>DEFENDANT SIRIO PHARMA COMPANY,</u><br><u>LTD.</u> |

    1.  This constitutes the plea agreement between SIRIO PHARMA
COMPANY, LTD. ("defendant") and the United States Attorney's
Office for the Central District of California ("the USAO") in the
above-captioned case.  This agreement is limited to the USAO and
cannot bind any other federal, state, local, or foreign
prosecuting, enforcement, administrative, or regulatory
authorities.

    2.  The parties understand and agree that this Agreement is
entered into and is to be controlled by Federal Rule of Criminal
Procedure 11(c)(1)(C).  Accordingly, the parties understand and
agree that: (a) if the Court accepts this Agreement, the parties

1   are bound by the terms of this Agreement; and (b) if the Court
2   does not accept this Agreement, then (i) any party may withdraw
3   from the Agreement and that withdrawal will render this Agreement
4   null and void, and (ii) defendant may elect to withdraw any
5   guilty pleas previously entered pursuant to this Agreement.  The
6   parties request that the Court accept this Agreement and sentence
7   defendant at the time of defendant's entry of its guilty plea.

8                        DEFENDANT'S OBLIGATIONS

9       3.   Defendant agrees to:

10           a) At the earliest opportunity requested by the USAO
11  and provided by the Court, appear and plead guilty to Count One
12  of the First Superseding Information in <u>United States v. Bo Du</u>
13  <u>and Sirio Pharma Company, Ltd</u>, CR No. 13-76(A)-DSF, which charges
14  defendant with Wildlife Trafficking, in violation of 16 U.S.C. §§
15  1372(a)(4)(B), 3372(a)(1), and 3373(d)(2).

16           b) Not contest facts agreed to in this agreement.

17           c) Abide by all agreements and recommendations
18  regarding sentencing contained in this agreement, including the
19  stipulation that the reasonable and appropriate sentence in this
20  case should be as set forth in paragraph 15 below.

21           d) Appear for all court appearances, obey all
22  conditions of any bond, and obey any other ongoing court order in
23  this matter.

24           e) Not commit any crime; however, offenses that would
25  be excluded for sentencing purposes under United States
26  Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines")
27  § 4A1.2(c) are not within the scope of this agreement.

28

                                    2

1          f) Be truthful at all times with Pretrial Services, the
2    United States Probation Office, and the Court.

3          g) Pay the applicable special assessment at or before
4    the time of sentencing unless defendant lacks the ability to pay
5    and prior to sentencing submits a completed financial statement
6    on a form to be provided by the USAO.

7          h) Defendant expressly and unequivocally admits that,
8    by and through its employees acting on behalf of and for the
9    benefit of defendant, it is in fact guilty of the charged
10   offense.  By entering this guilty plea, defendant hereby waives
11   all objections to the form of the charging document, admits that
12   it is in fact guilty of the offense as set forth in Count One of
13   the First Superseding Information, and that the Factual Basis set
14   forth in Attachment A to this Agreement is an accurate statement
15   of its criminal conduct.

16                      THE USAO'S OBLIGATIONS
17   4.  If defendant complies fully with all defendant's
18   obligations under this Agreement, the USAOs agree:

19         a.  To abide by all stipulations and promises contained
20   in this Agreement, including the stipulation that the reasonable
21   and appropriate sentence in this case should be as set forth in
22   paragraph 15 below.

23         b.  Not to further prosecute defendant for violations
24   of federal law occurring between 2007 and 2010 and arising out of
25   the conduct described in Attachment A hereto, specifically: (1)
26   Making and Submitting a False Record for Wildlife Imported,
27   Exported, Transported, Sold, Purchased, and Received from a
28   Foreign Country, in violation of 16 U.S.C. §§ 3372(d)(1) and

                                3

1  3373(d)(3)(A)(I); (2) Conspiracy, in violation of 18 U.S.C. §

2  371; (3) Entry of Goods Falsely Classified, in violation of 18

3  U.S.C. § 541; (4) Smuggling, in violation of 18 U.S.C. § 545;

4  Introduction of a Misbranded Food into Interstate and Foreign

5  Commerce, in violation of 21 U.S.C. § 331(a), 333(a)(1), (2), and

6  343; and (5) Illegal Transportation, Sale, Export, and Offer to

7  Sell or Export a Marine Mammal, in violation of 16 U.S.C. §§

8  1372(a)(4)(B) and 1375.

9  <u>CORPORATE AUTHORIZATION AND AFFIRMATION</u>

10      5.  Defendant represents that it is authorized to enter into

11  this Agreement.  On or before the date of defendant's signature

12  of this Agreement, defendant shall have provided to the USAO

13  notarized legal documents certifying that defendant corporation

14  is authorized to enter into and comply with all of the provisions

15  of this Agreement, that defendant's designated representative is

16  authorized to execute this Agreement and enter guilty pleas

17  pursuant to this Agreement on behalf of defendant, and that all

18  corporate formalities for such authorizations have been observed.

19  The documents provided by defendant are attached as Attachment B.

20      6.  Defendant confirms that its decision to enter guilty

21  pleas is made knowing the charge that has been brought against

22  it, any possible defenses, and possible detriments of proceeding

23  to trial.  Defendant acknowledges that it has entered into this

24  Agreement freely and voluntarily and that it has been fully

25  advised by counsel, and that no threats or promises were made to

26  induce it to enter into this Agreement and enter the guilty plea

27  called for by this Agreement.

28

1         ORGANIZATIONAL CHANGES AND APPLICABILITY

2     7.   This Agreement shall bind defendant, its successor

3 corporation if any, and any other person or entity that assumes

4 the obligations contained herein ("successors-in-interest").

5 Defendant, or its successors-in-interest, if applicable, shall

6 provide the USAOs and the United States Probation Offices for the

7 Central District of California with immediate notice of any name

8 change, change in corporate or individual control, business

9 reorganization, change in ownership, merger, change of legal

10 status, sale or purchase of assets, divestiture of assets, or

11 similar action affecting their ability to pay the fine or

12 otherwise comply with this Agreement.   No change in name, change

13 in corporate or individual control, business reorganization,

14 change in ownership, merger, change of legal status, sale or

15 purchase of assets, divestiture of assets, or similar action

16 shall alter defendant's obligations under this Agreement.

17 Defendant shall not engage in any action to seek to avoid the

18 obligations set forth in this Agreement.

19                 NATURE OF THE OFFENSE

20     8.   The parties stipulate and agree that under well-

21 established principles of corporate liability and respondeat

22 superior, as these principles apply in this case, defendant is

23 liable for the actions of its agents and employees acting on

24 behalf or for the benefit of defendant.   New York Central and

25 Hudson River R.R. v. United States, 212 U.S. 481, 495 (1909);

26 United States v. Beusch, 596 F.2d 871 (9th Cir. 1979); United

27 States v. Hilton Hotels Corporation, 467 F.2d 1004-1007 (9th Cir.

28 1972).

1    9.   In order for defendant to be guilty of Wildlife

2  Trafficking, in violation of 16 U.S.C. §§ 1372(a)(4)(B),

3  3372(a)(1), and 3373(d)(2), the following must be true:

4  defendant, by and through the actions of its agents and employees

5  acting on behalf or for the benefit of defendant, did knowingly

6  export, transport, and sell wildlife products, namely, Harp Seal

7  oil capsules, for a commercial purpose, and in the exercise of

8  due care should have known that the Harp Seal Oil capsules were

9  transported and sold in violation of United States law, namely,

10  the federal Marine Mammal Protection Act, that forbids the

11  transportation, purchase, sale, export, and offer to purchase

12  sell, and export any marine mammal product for any purpose other

13  than public display, scientific research, or enhancing the

14  survival of a species.

15                          PENALTIES

16    10.   The statutory maximum sentence that the Court can

17  impose against a corporate defendant for a violation of 16 U.S.C.

18  §§ 1372(a)(4)(B), 3372(a)(1), and 3373(d)(2) is: a five-year

19  period of probation; a fine of $200,000 or twice the gross gain

20  or gross loss resulting from the offense, whichever is greatest;

21  and a mandatory special assessment of $125.  The parties

22  stipulate that defendant's gross gain resulting from this offense

23  and related conduct to which it is pleading guilty is at least

24  $200,000.

25                    COLLATERAL CONSEQUENCES

26    11.   Defendant understands that its convictions may subject

27  it to various collateral consequences, including but not limited

28  to the suspension or revocation of any regulatory licenses or

6

1   permits defendant holds and suspension or debarment of defendant
2   from contracting with the United States or with any office,
3   agency, or department thereof.  By this Agreement, the USAO makes
4   no representation or promise concerning suspension or revocation
5   of any regulatory licenses or permits or suspension or debarment.
6   In particular, suspension and debarment of organizations
7   convicted under various federal environmental protection and
8   criminal statutes is a discretionary administrative action solely
9   within the authority of federal contracting agencies.  Defendant
10  understands that unanticipated collateral consequences will not
11  serve as grounds to withdraw defendant's guilty pleas.

FACTUAL BASIS

12

13      12.  Defendant and the USAO agree and stipulate to the
14  statement of facts set forth in Attachment A.  It is not meant to
15  be a complete recitation of all facts relevant to the underlying
16  criminal conduct or all facts known to either party that relate
17  to that conduct.

WAIVER OF CONSTITUTIONAL RIGHTS

18

19      13.  By pleading guilty, defendant gives up the following
20  rights:

21          a) The right to persist in a plea of not guilty.

22          b) The right to a speedy and public trial by jury.

23          c) The right to the assistance of legal counsel at
24  trial.  (In this regard, defendant understands that, despite its
25  plea of guilty, it retains the right to be represented by counsel
26  at every other stage of the proceeding.)

27          d) The right to be presumed innocent and to have the
28  burden of proof placed on the government to prove defendant

7

1  guilty beyond a reasonable doubt.

2          e) The right to confront and cross-examine witnesses

3  against defendant.

4          f) The right, if defendant wished, to present evidence

5  in opposition to the charges, including the right to call

6  witnesses and to subpoena those witnesses to testify.

7                APPLICABILITY OF THE SENTENCING GUIDELINES

8      14.   Defendant and the USAO agree and stipulate that,

9  pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§

10 8C2.1 and 8C2.10, the sentencing guidelines are not applicable in

11 determining the fine for an organization violating statutes

12 relating to the environment, including violations of the federal

13 Lacey Act and Marine Mammal Protection Act, but that all other

14 sections of Chapter 8 of the U.S.S.G. are applicable in this

15 case, including the provisions regarding probation and community

16 service.   Defendant understands that the Court is required to

17 consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),

18 including the kinds of sentence and sentencing range established

19 under the Sentencing Guidelines.

20                       SENTENCING AGREEMENT

21     15.   Pursuant to Rule 11(c)(1)(C) of the Federal Rules of

22 Criminal Procedure, the USAO and defendant agree that a total

23 monetary assessment (including the criminal fine and community

24 service payment) of Five Hundred Thousand Dollars ($500,000.00)

25 is both reasonable and appropriate in this case.   Pursuant to

26 U.S.S.G. §§ 8D1.1 and 8D1.2 and the factors set forth in 18

27 U.S.C. § 3553(a), including the nature and circumstances of the

28 offense and the history and characteristics of the defendant, the

8

1   need for the sentence imposed to reflect the seriousness of the
2   offense, to promote respect for the law, to provide just
3   punishment for the offense, and to afford adequate deterrence to
4   criminal conduct, the parties agree that defendant shall be
5   sentenced as follows:

6          a.   Criminal Fine:  Defendant shall pay a criminal fine
7   of Two Hundred Thousand Dollars ($200,000.00).  The criminal fine
8   shall be paid on or before the entry of judgment by certified
9   check (or equivalent) or wire transfer to the Clerk of the United
10  States District Court for the Central District of California in
11  accordance with instructions to be provided by the USAO.

12         b.   Community Service Payment:  Defendant shall make a
13  organizational community service payment in the amount of Three
14  Hundred Thousand Dollars ($300,000.00) pursuant to §8B1.3 of the
15  Federal Sentencing Guidelines and in furtherance of the
16  sentencing principles set forth in 18 U.S.C. § 3553(a).
17  Defendant and the government agree that the organizational
18  community service payment of $300,000.00 shall be made and
19  distributed as set forth in paragraph 18 below.  The defendant
20  agrees that because this payment is a community service payment
21  by an organization, it will not seek any reduction in its tax
22  obligations as a result of this community service payment.  The
23  defendant further agrees that because this payment shall be made
24  pursuant to this Agreement, it will not characterize, publicize,
25  or refer to this payment as anything other than a community
26  service payment made pursuant to this criminal plea agreement.

27         c.   Mandatory Special Assessment:  Defendant agrees to
28  pay to the Clerk of the United States District Court for the

1    Central District of California on the date of sentencing (or as

2    soon as the Court is able to accept the payment) the mandatory

3    special assessment of $125.00 pursuant to 18 U.S.C.

4    § 3013(a)(1)(B)(iii).

5           d.   <u>Probation</u>: Given defendant's location and

6    incorporation in a foreign sovereign nation, namely, the People's

7    Republic of China, the parties stipulate and agree that formal or

8    informal probation is not suitable for defendant.  This is a

9    terminal sentence and disposition.

10          16.  Pursuant to Federal Rule of Criminal Procedure

11   32(c)(1)(A)(ii), the parties request that the Court waive the

12   preparation of a pre-sentence report in this matter.  The parties

13   further request that the Court sentence defendant at the time its

14   guilty plea is entered pursuant to this Agreement.  The Court's

15   decision to require a presentence report or to defer sentencing

16   to a later time will not serve as grounds to withdraw defendant's

17   guilty plea.

18          17.  In the event that the Court requires preparation of a

19   pre-sentence report and defers acceptance or rejection of this

20   Agreement until it has reviewed the pre-sentence report, pursuant

21   to Federal Rule of Criminal Procedure 11(c)(3)(A), both defendant

22   and the USAO are free to: (a) supplement the facts stipulated to

23   in this Agreement by supplying relevant information to the United

24   States Probation Office and the Court, and (b) correct any and

25   all factual misstatements relating to the calculation of the

26   sentence.

27                  <u>COMMUNITY SERVICE PAYMENTS</u>

28          18.  The parties agree that defendant shall pay Three

                                10

Hundred Thousand Dollars ($300,000.00) for the explicit purpose
of defendant performing community service pursuant to §8B1.3 of
the Federal Sentencing Guidelines and in furtherance of the
sentencing principles provided for under 18 U.S.C. § 3553(a).
The explicit goal of defendant's required community service is to
fund species research and monitoring projects, protection and
enforcement efforts, public education and awareness efforts, and
species and habitat preservation efforts, related to the penniped
("seal") populations and habitat located along the east and west
coasts of the United States.  Accordingly, defendant agrees that
on or before the entry of judgment in this matter, defendant
shall pay a total of $300,000.00 to the National Marine Sanctuary
Foundation ("Foundation").  The Foundation is established to
solicit donations for the National Marine Sanctuaries Program
(hereinafter the "Program") as authorized by 167 U.S.C. §
1442(b), and the Program is authorized to accept donations of
funds pursuant to 16 U.S.C. §1442(c) for the designation and
administration of national marine sanctuaries.  The Program is
also authorized to accept grants from any federal agency or
persons notwithstanding any provision of law which prohibits
assistance otherwise.  16 U.S.C. § 1442(f).  Because community
service payments are designated as community service of an
organization, the defendant further agrees that it will not seek
any reduction in its tax obligations as a result of these
community service payments.  In addition, since these payments
constitute community service, the defendant will not
characterize, publicize or refer to these community service
payments as voluntary donations or contributions.  The payment

11

1 shall be made to the Foundation by wire transfer or cashier's
2 check (or equivalent), according to written directions to be
3 provided to defendant by the government.

4 WAIVER OF APPEAL OF CONVICTION

5     19.  Defendant understands that, with the exception of an
6 appeal based on a claim that defendant's guilty pleas were
7 involuntary, by pleading guilty defendant is waiving and giving
8 up any right to appeal defendant's conviction on the offense to
9 which defendant is pleading guilty.

10 LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

11     20.  Defendant agrees that, provided the Court accepts this
12 specified sentence plea agreement and imposes a sentence
13 consistent with the parties' sentencing agreement set forth in
14 paragraph 15 above, defendant gives up the right to appeal any
15 portion of the sentence.

16     21.  The USAO agrees that, provided (a) all portions of the
17 sentence are consistent with the parties' sentencing agreement
18 set forth in paragraph 15 above, the USAO gives up its right to
19 appeal any portion of the sentence.

20 RESULT OF WITHDRAWAL OF GUILTY PLEA

21     22.  Defendant agrees that if, after entering a guilty plea
22 pursuant to this agreement, defendant seeks to withdraw and
23 succeeds in withdrawing defendant's guilty plea on any basis
24 other than a claim and finding that entry into this plea
25 agreement was involuntary, then (a) the USAO will be relieved of
26 all of its obligations under this agreement; and (b) should the
27 USAO choose to pursue any charge or any civil, administrative, or
28 regulatory action that was either dismissed or not filed as a

12

result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### EFFECTIVE DATE OF AGREEMENT

23.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

24.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea or pleas pursuant to this agreement, defendant will not be able to withdraw the guilty plea(s), and (b) the USAO will be relieved of all its obligations under this agreement.

13

25. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

26. Neither the Court nor the United States Probation Office is a party to this Agreement. The USAO and defendant understand and agree that: (a) if the Court accepts this

14

1   Agreement, the parties are bound by the terms of this Agreement;

2   and (b) if the Court does not accept this Agreement, then (i) any

3   party may withdraw from the Agreement and that withdrawal will

4   render this Agreement null and void, (ii) defendant may elect to

5   withdraw any guilty pleas previously entered pursuant to this

6   Agreement, and (iii) should defendant elect such withdrawal, the

7   parties shall be restored to their respective claims and defenses

8   prior to entry of such guilty pleas.

9                        NO ADDITIONAL AGREEMENTS

10      27.  Defendant understands that, except as set forth herein,

11  there are no promises, understandings, or agreements between the

12  USAO and defendant or defendant's attorney, and that no

13  additional promise, understanding, or agreement may be entered

14  into unless in a writing signed by all parties or on the record

15  in court.

16  //

17  //

18  //

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        28.  The parties agree that this agreement will be

3    considered part of the record of defendant's guilty plea hearing

4    as if the entire agreement had been read into the record of the

5    proceeding.

6    AGREED AND ACCEPTED

7    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA

8
     ANDRÉ BIROTTE JR.
9    United States Attorney

10

11                                           8/23/13

12   JOSEPH O. JOHNS                    Date
     Assistant United States Attorney
     Chief, Environmental Crimes Section

13

14                                       201$-8-2$

15                                       Date

16   Authorized Representative for
     Defendant Sirio Pharma Company, Ltd.

17

18                                           8/23/13

     BRIAN A. SUN, ESQUIRE            Date
19   Jones Day Law Firm
     Attorney for Defendant
20   Sirio Pharma Company, Ltd.

21

22

23

24

25

26

27

28

<u>CERTIFICATION OF DEFENDANT</u>

As the authorized representative of the corporate defendant, I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with SIRIO PHARMA COMPANY, LTD.'s attorney.  On behalf of the corporate defendant, I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with SIRIO PHARMA COMPANY, LTD.'s attorney, and its attorney has advised me of the corporate defendant's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me or the corporate defendant other than those contained in this agreement.  No one has threatened or forced me or the corporate defendant in any way to enter into this agreement.  I am satisfied with the representation of SIRIO PHARMA COMPANY, LTD.'s attorney in this matter, and the corporate defendant is pleading guilty because it is guilty of the charges and wishes to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          $2013-8-23$
Authorized Representative for            Date
Defendant ~~Sirio Pharma~~ Company, Ltd.

17

1            <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2     I am SIRIO PHARMA COMPANY, LTD.'s attorney.  I have

3 carefully and thoroughly discussed every part of this agreement

4 with my client's authorized representative.  Further, I have

5 fully advised my client's authorized representative of its

6 rights, of possible pretrial motions that might be filed, of

7 possible defenses that might be asserted either prior to or at

8 trial, of the sentencing factors set forth in 18 U.S.C. §

9 3553(a), of relevant Sentencing Guidelines provisions, and of the

10 consequences of entering into this agreement.  To my knowledge:

11 no promises, inducements, or representations of any kind have

12 been made to my client or its authorized representative other

13 than those contained in this agreement; no one has threatened or

14 forced my client or its authorized representative in any way to

15 enter into this agreement; my client's decision to enter into

16 this agreement is an informed and voluntary one; and the factual

17 basis set forth in this agreement is sufficient to support my

18 client's entry of guilty pleas pursuant to this agreement.

19

20 _____      Date _____

   BRIAN A. SUN, ESQUIRE

21 Jones Day Law Firm

   Attorney for Defendant

22 SIRIO PHARMA COMPANY, LTD.

23

24

25

26

27

28

## ATTACHMENT A

### Factual Basis in Support of Plea Agreement

At all times relevant to the charge alleged in Count One of First Superseding Information in United States v. Bo Du and Sirio Pharma Company, Ltd., CR No. 13-76(A)-DSF, SIRIO PHARMA COMPANY, LTD. ("defendant") was a China-based, privately owned corporation specializing in the manufacture and wholesale of various dietary supplements. Its principal place of business was located at Nos. 81 and 83, Tai Shan Road, Shantou, China, and it had a branch office located at No. 11 Zhu Ye Street South, Huang Shan Road, Shantou, China.

Between on or about 2004 through the present, co-defendant Bo Du was employed by defendant in China. Co-defendant Bo Du began his employment with defendant as a sales representative in or around 2004. In or around 2007, defendant appointed co-defendant Bo Du as a regional sales manager responsible for sales in North America.

Between on or about July 9, 2008 and on or about August 8, 2008, while working for defendant within the scope of his employement, co-defendant Bo Du received a purchase order for 2,000,000 capsules of royal jelly and 4,000,000 capsules of seal oil from a company based in the United States, the UBF Group, Inc., doing business as Nu-Health Products, Inc. (collectively "Nu-Health"). During this time frame, a Nu-Health representative named Jannet Shang contacted co-defendant Bo Du to order the capsules of seal oil and negotiate the details of this sale. Jannet Shang represented to co-defendant Bo Du that the seal oil

19

1    capsules were intended for sale to a Nu-Health client who was
2    located in Canada.  Defendant has been licensed by Chinese
3    authorities to produce and sell seal oil products in China and in
4    other nations where it is lawful to do so (such as Canada).

5        Between on or about July 9, 2008 and on or about August 8,
6    2008, Nu-Health asked co-defendant Bo Du to falsely list the seal
7    oil capsules as "fish oil" and royal jelly capsules as "aloe
8    vera" on the purchase and import documents.  Through the actions
9    of its agents and employees, including co-defendant Bo Du,
10   defendant caused 4,000,000 seal oil capsules to be sold,
11   transported to, and imported into the United States from China,
12   falsely labeled on import documents as fish oil.

13       Defendant, and its agents and employees, knew that the
14   marine mammal product (i.e., seal oil) would not be used for
15   public display, scientific research, or enhancing the survival of
16   the species.  While defendant did not know that purchase, sale,
17   and transportation of seal oil products within the United States
18   was unlawful under or violated any U.S. laws or regulations, with
19   the exercise of due care, defendant should have known the
20   purchase, sale, and transportation of seal oil products within
21   the United States was unlawful and violated United States laws
22   and regulations.

23       During the course of their business relationship between
24   2007 and 2010, Nu-Health asked defendant, and its agents and
25   employees, to label certain products and invoice its shipments of
26   various dietary products in a manner that helped Nu-Health to
27   disguise the true cost of the products and, on occasion, their
28   true description.  Defendant, and its agents and employees,

complied with Nu-Health's requests.   Defendant discontinued these
practices on its own initiative, but acknowledges it is
accountable for the acts of its employees (and agents acting on
its behalf) as to these practices.

SIRIO PHARMA CO., LTD.                RESOLUTIONS OF THE BOARD OF DIRECTORS, NO. DSH20130823

## SIRIO PHARMA CO., LTD.

## <u>RESOLUTIONS OF THE BOARD OF DIRECTORS</u>

NO. DSH20130823

A meeting of the Board of Directors of Sirio Pharma Co., Ltd. (the "Company") was held

on August 21, 2013 with the quorum that meets the requirement of the Company's by-laws. In

accordance with the Company's by-laws and relevant laws and regulations of the People's

Republic of China, the directors of the Board present at the meeting unanimously passed the

following resolutions:

(1). The Company will pay up to, but not more than, $500,000 USD to resolve all actions,

matters and disputes between the Company and the United States of America, on the other,

according to the terms of a Plea Agreement, under the condition that the terms of the Plea

Agreement will be accepted by a  United States District Court, and that once the District Court

accepts the terms of the Plea Agreement, the Plea Agreement is binding on the District Court,

pursuant to F.R.Cr.P. 11(c)(1)(C), and the sentence imposed will be exactly as set forth in the

Plea Agreement.  [Attached hereto is a true and correct copy of the English version and the

Certified Chinese Translation of Plea Agreement].

(2). The above said payment(s) will be made in US dollars.

(3). The Company authorizes Brian A. Sun of the law firm of Jones Day and/or Jason

Liang of the law firm of Murphy Rosen LLP to enter a guilty plea on behalf of the Company in

accordance with the terms of the Plea Agreement to one misdemeanor count of wildlife

trafficking in connection with causing Harp Seal oil capsules to be transported in the United

SIRIO PHARMA CO., LTD.                    RESOLUTIONS OF THE BOARD OF DIRECTORS, NO. DSH20130823

States, for commercial purposes, by the Company's agents and employees, in violation of 16

U.S.C. §§ 1372(a)(4)(B), 3372(a)(1), and 3373(d)(2).

(4).  The Company authorizes Brian A. Sun of the law firm of Jones Day and/or Jason

Liang of the law firm of Murphy Rosen LLP to sign on behalf of the Company all documents

and pleadings necessary to accomplish the matters described herein.

(Signature page of the Resolutions of the Board of Directors)

The directors of the Board attending the meeting do hereby sign on the Resolutions on

August 21, 2013.

Signature: _____

Name: LIN REI QING

Position:  Chairman, Board of Directors

Signature: _____

Name: CHEN QIONG

Position:  Director of the Board

Signature: _____

Name: YANG RUI

Position:  Directors of the Board

广东仙乐制药有限公司董事会决议 　　　　　　　　　　　　　编号：DSH20130823

广东仙乐制药有限公司

董事会决议

编号：DSH20130823

　　广东仙乐制药有限公司（"公司"）于 2013 年 8 月 23 日召开董事会会议，出席人数符合公司《章程》规定之法定人数。与会董事（即本决议签署人）根据公司《章程》以及中华人民共和国相关法律、法规的规定，兹此一致同意作出如下决议：

(1)　　公司将按"诉辩双方和解协议"的规定最多支付 500,000 美元以了结公司作为一方和美国政府作为对方之间的所有诉讼、事项和争议，前提是法院将接受"诉辩双方和解协议"的条款，根据美国《联邦刑事诉讼程序规则》第 11 条 (c)(1)(C)项，一经法院接受，"诉辩双方和解协议"的规定将对法院产生约束力，且法院所施加的刑罚必须与"诉辩双方和解协议"的规定完全一致。[附件是"诉辩双方和解协议"的真实和正确的英文版和经确认的中文翻译版的副本]；

(2)　　上述支付将以美元进行；

(3)　　公司授权 Jones Day 律师事务所的 Brian A. Sun 律师 和/或 Murphy Rosen LLP 律师事务所的 Jason L. Liang 律师代表公司根据《辩诉双方和解协议》的条款承认一项交易野生动物的轻罪，即为了商业目的，公司的代理人和员工出口海狗油软胶囊到美国，违反《美国法典》第 16 篇第 1372(a)(4)(B)项，第 3372 条(a)(1)项，和第 3373 条(d)(2)项。

(4)　　授权公司的律师，即 Jones Day 律师事务所的 Brian A. Sun 律师 和/或 Murphy Rosen LLP 律师事务所的 Jason L. Liang 律师代表公司签署所有为完成该事项所必要的文件和申请书。

[签字页附后]

- 1 -

广东仙乐制药有限公司董事会决议        编号：DSH20130823

[董事会决议签字页]

鉴此：公司全体与会董事于 2013 年 8 月 23 日签署本决议。

签名：_____       签名：_____
姓名：林培青                 姓名：陈琼
职务：董事长              职务：董事

签名：_____
姓名：杨睿
职务：董事